[Cite as *Davis v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4782.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES A. DAVIS

    Plaintiff

    v.

OHIO DEPARTMENT OF REH. AND CORRECTIONS

    Defendant

    Case No. 2009-08560-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, James A. Davis, an inmate, filed this action against defendant, Department of Rehabilitation and Correction (DRC), alleging his property was damaged on April 10, 2009 as a proximate cause of negligence on the part of DRC personnel. Specifically, plaintiff claimed his Swintec typewriter was damaged beyond repair by DRC staff during a transfer from the Lebanon Correctional Institution (LeCI) to the Marion Correctional Institution (MCI). Plaintiff maintained the typewriter was dropped to the ground and broken as the item was being loaded onto a bus for transport from LeCI to MCI. Plaintiff requested damages in the amount of $304.40, representing the replacement cost of a Swintec typewriter and accessories. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim. Plaintiff submitted a receipt showing he purchased a typewriter and accessories on July 30, 2008 for $304.40. Plaintiff claimed one of the DRC transport officers admitted dropping the typewriter to the ground while attempting to load the property

onto the transport bus.

{¶ 2} 2) Defendant denied liability in this matter. Defendant explained the personnel who transported plaintiff and his property on April 10, 2009 were Warren Correctional Institution (WCI) employees. Defendant contended there is no evidence plaintiff's typewriter was dropped and broken by WCI staff at the time of transfer. Defendant stated, "[t]he officers at LeCI that packed Plaintiff, and the officers from WCI who transported Plaintiff both indicate they do not recall a typewriter being dropped or broken." Defendant further stated, "there is no report on arrival to MCI that the property was broken." Defendant contended plaintiff has failed to prove, by a preponderance of the evidence, that his typewriter was damaged by any DRC personnel during transport on April 9, 2010. Defendant did not offer any statements from any DRC employee who handled plaintiff's property.

{¶ 3} 3) Plaintiff filed a response insisting his typewriter was broken during transport on April 10, 2009 as a proximate cause of negligence on the part of an unidentified DRC employee who handled the property. Plaintiff submitted an affidavit from a fellow inmate, Stanislav Transkiy, who was transferred with plaintiff from LeCI to MCI on April 10, 2009. Transkiy recorded he was waiting in the loading area at LeCI awaiting transfer on April 10, 2009 while WCI employees were loading property on the transport bus and "[a]t one point I heard a loud crash that sounded like something was dropped on the floor." Transkiy noted, "[a] few moments later one of the (WCI employees) that was loading the bus, came up the steps stated something like: 'if any of your (property) is broken, don't blame me, its not my fault that the bus is overloaded.'" Transkiy acknowledged, "I did not actually see what fell down or was dropped."

CONCLUSIONS OF LAW

{¶ 4} 1) It has been determined by this court that when a defendant engaged in a shakedown operation, it must exercise ordinary care in doing so. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 5} 2) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to "make reasonable attempts to protect, or recover" such property.

{¶ 6} 3)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 7} 4)    Plaintiff has failed to prove a causal connection between the damage to his typewriter and any breach of duty owed by defendant in regard to protecting inmate property.  *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD.

{¶ 8} 5)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 9} 6)    In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 10} 7)    In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 11} 8) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 12} 9) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  This court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court does not find plaintiff's assertions particularly persuasive.

{¶ 13} 10)Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was damaged as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES A. DAVIS

    Plaintiff

    v.

OHIO DEPARTMENT OF REHAB. AND CORRECTIONS

    Defendant

    Case No. 2009-08560-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

James A. Davis, #348-744          Gregory C. Trout, Chief Counsel
P.O. Box 56                       Department of Rehabilitation
Lebanon, Ohio  43150              and Correction
                                  770 West Broad Street
                                  Columbus, Ohio  43222

RDK/laa
Filed 6/4/10
Sent to S.C. reporter 10/1/10